E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
DOMINIQUE CAAMANO (Cal. Bar No. 301810)
ERIK M. SILBER (Cal. Bar No. 190534)
MATTHEW O'BRIEN (Cal. Bar No. 261568)
Assistant United States Attorneys
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0492/2231/8644
    Facsimile: (213) 894-0141
    E-mail:   dominique.caamano@usdoj.gov/
            erik.silber@usdoj.gov/matthew.o'brien@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**FILED**
CLERK, U.S. DISTRICT COURT
**10/1/2024**
CENTRAL DISTRICT OF CALIFORNIA
BY: _____CDO_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR  2:24-cr-00573-SB |
|      Plaintiff, | PLEA AGREEMENT FOR DEFENDANT BRIAN ALEC LIGHT |
|         v. | |
| BRIAN ALEC LIGHT, | |
|      Defendant. | |

    1.   This constitutes the plea agreement between BRIAN ALEC LIGHT ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

<u>DEFENDANT'S OBLIGATIONS</u>

    2.   Defendant agrees to:

        a.   Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the

Court, appear and plead guilty to a single count information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with interstate transportation of stolen goods worth more than $5,000, in violation of 18 U.S.C. § 2314.

       b.   Not contest facts agreed to in this agreement.

       c.   Abide by all agreements regarding sentencing contained in this agreement.

       d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

       e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

       f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

       g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

   3.   Defendant further agrees:

       a.   To forfeit all right, title, and interest in and to any and all monies, properties, and/or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission of, or involved in the illegal activity to which defendant is pleading guilty, specifically including, but not limited to, the following: the Andy Warhol Lenin Trial Proof print number 44 of 46 (collectively, the "Forfeitable Property").

1    b.    To the Court's entry of an order of forfeiture at or

2    before sentencing with respect to the Forfeitable Property and to the

3    forfeiture of the property.

4    c.    To take whatever steps are necessary to pass to the

5    United States clear title to the Forfeitable Property, including,

6    without limitation, the execution of a consent decree of forfeiture

7    and the completing of any other legal documents required for the

8    transfer of title to the United States.

9    d.    Not to contest any administrative forfeiture

10    proceedings or civil judicial proceedings commenced against the

11    Forfeitable Property.  If defendant submitted a claim and/or petition

12    for remission for all or part of the Forfeitable Property on behalf

13    of himself or any other individual or entity, defendant shall and

14    hereby does withdraw any such claims or petitions, and further agrees

15    to waive any right he may have to seek remission or mitigation of the

16    forfeiture of the Forfeitable Property.

17    e.    Not to assist any other individual in any effort

18    falsely to contest the forfeiture of the Forfeitable Property.

19    f.    Not to claim that reasonable cause to seize the

20    Forfeitable Property was lacking.

21    g.    To prevent the transfer, sale, destruction, or loss of

22    the Forfeitable Property to the extent defendant has the ability to

23    do so.

24    h.    To fill out and deliver to the USAO a completed

25    financial statement listing defendant's assets on a form provided by

26    the USAO.

27

28

1          i.   That forfeiture of Forfeitable Property shall not be

2    counted toward satisfaction of any special assessment, fine,

3    restitution, costs, or other penalty the Court may impose.

4          j.   With respect to any criminal forfeiture ordered as a

5    result of this plea agreement, defendant waives: (1) the requirements

6    of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding

7    notice of the forfeiture in the charging instrument, announcements of

8    the forfeiture at sentencing, and incorporation of the forfeiture in

9    the judgment; (2) all constitutional and statutory challenges to the

10   forfeiture (including by direct appeal, habeas corpus or any other

11   means); and (3) all constitutional, legal, and equitable defenses to

12   the forfeiture of the Forfeitable Property in any proceeding on any

13   grounds including, without limitation, that the forfeiture

14   constitutes an excessive fine or punishment.  Defendant acknowledges

15   that the forfeiture of the Forfeitable Property is part of the

16   sentence that may be imposed in this case and waives any failure by

17   the Court to advise defendant of this, pursuant to Federal Rule of

18   Criminal Procedure 11(b)(1)(J), at the time the Court accepts

19   defendant's guilty plea.

20                          THE USAO'S OBLIGATIONS

21        4.   The USAO agrees to:

22          a.   Not contest facts agreed to in this agreement.

23          b.   Abide by all agreements regarding sentencing contained

24   in this agreement.

25          c.   At the time of sentencing, provided that defendant

26   demonstrates an acceptance of responsibility for the offense up to

27   and including the time of sentencing, recommend a two-level reduction

28   in the applicable Sentencing Guidelines offense level, pursuant to

4

1    U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

2    additional one-level reduction if available under that section.

3         d.    Recommend that defendant be sentenced to a term of

4    imprisonment no higher than the low end of the applicable Sentencing

5    Guidelines range.  For purposes of this agreement, the low end of the

6    Sentencing Guidelines range is that defined by the Sentencing Table

7    in U.S.S.G. Chapter 5, Part A, without regard to reductions in the

8    term of imprisonment that may be permissible through the substitution

9    of community confinement or home detention as a result of the offense

10   level falling within Zone B or Zone C of the Sentencing Table.

11        e.    Except for criminal tax violations (including

12   conspiracy to commit such violations chargeable under 18 U.S.C.

13   § 371), not further criminally prosecute defendant for violations of

14   18 U.S.C. § 1001 arising out of defendant's conduct described in the

15   agreed-to factual basis set forth in paragraph 11 below.  Defendant

16   understands that the USAO is free to criminally prosecute defendant

17   for any other unlawful past conduct or any unlawful conduct that

18   occurs after the date of this agreement.  Defendant agrees that at

19   the time of sentencing the Court may consider the uncharged conduct

20   in determining the applicable Sentencing Guidelines range, the

21   propriety and extent of any departure from that range, and the

22   sentence to be imposed after consideration of the Sentencing

23   Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

24                        NATURE OF THE OFFENSE

25        5.   Defendant understands that for defendant to be guilty of

26   the crime charged in the single count information, that is,

27   interstate transportation of stolen goods worth more than $5,000, in

28   violation of Title 18, United States Code, Section 2314, the

1   following must be true: (1) the defendant transported, transmitted,

2   or transferred stolen property between one state and another; (2) at

3   the time the property crossed the state border, the defendant knew it

4   was stolen; (3) the defendant intended to deprive the owner of the

5   ownership of the property temporarily or permanently; and (4) the

6   money or property was of the value of $5,000 or more.  Under 18

7   U.S.C. Section 2(b), defendant may be found guilty of the crime

8   charged even if the defendant did not personally commit the acts

9   constituting the crime if the defendant willfully caused an act to be

10  done that if directly performed by him would be an offense against

11  the United States.  A defendant who puts in motion or causes the

12  commission of an indispensable element of the offense may be found

13  guilty as if he had committed this element himself.

14                                <u>PENALTIES</u>

15      6.   Defendant understands that the statutory maximum sentence

16  that the Court can impose for a violation of Title 18, United States

17  Code, Section 2314, is: 10 years imprisonment; a three-year period of

18  supervised release; a fine of $250,000 or twice the gross gain or

19  gross loss resulting from the offense, whichever is greatest; and a

20  mandatory special assessment of $100.

21      7.   Defendant understands that supervised release is a period

22  of time following imprisonment during which defendant will be subject

23  to various restrictions and requirements.  Defendant understands that

24  if defendant violates one or more of the conditions of any supervised

25  release imposed, defendant may be returned to prison for all or part

26  of the term of supervised release authorized by statute for the

27  offense that resulted in the term of supervised release, which could

28

result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9.    Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

10.    Defendant understands that defendant will be required to pay full restitution to the victim of the offense to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's

1  compliance with its obligations under this agreement, the Court may
2  order restitution to persons other than the victim of the offense to
3  which defendant is pleading guilty and in amounts greater than those
4  alleged in the count to which defendant is pleading guilty.  The
5  parties currently believe that the applicable amount of restitution
6  is limited to replacing the missing frame from the piece, but
7  recognize and agree that this could change based on facts that come
8  to the attention of the parties prior to sentencing.

9                              FACTUAL BASIS

10      11.  Defendant admits that defendant is, in fact, guilty of the
11  offense to which defendant is agreeing to plead guilty.  Defendant
12  and the USAO agree to the statement of facts provided below and agree
13  that this statement of facts is sufficient to support a plea of
14  guilty to the charge described in this agreement and to establish the
15  Sentencing Guidelines factors set forth in paragraph 12 below but is
16  not meant to be a complete recitation of all facts relevant to the
17  underlying criminal conduct or all facts known to either party that
18  relate to that conduct.

19      On February 20, 2021, J.O. stole an Andy Warhol Lenin Trial
20  Proof, print number 44 of 46, from a home in Los Angeles County,
21  within the Central District of California:

22

23

24

25

26

27

28





(Pictured without the original frame)

　　　After the piece was stolen, the victim informed law enforcement of the theft, as well as the gallery in West Hollywood, California, from which he had purchased the artwork.

　　　Sometime between February 20, 2021, and February 25, 2021, J.O. brought the artwork into a pawn shop in Los Angeles, owned by G.B. G.B. took possession of the artwork, and G.B. wanted to sell the

artwork.  G.B. reached out to defendant for help selling the artwork.
Defendant contacted an auction house, H.A., to sell the print and, on
March 1, 2021, defendant told G.B. to drop the print off at H.A.'s
office in Beverly Hills, California so that it could be transported
to Dallas, Texas for inspection and sale, which G.B. did.  Defendant
knew the print was stolen, he intended for the print to be sold by
H.A., and he expected for the print to travel interstate as part of
the sale.  Defendant expected to earn a share of the money from the
sale of the print.  As a result of G.B. dropping the print off at
H.A. at defendant's direction, on March 1, 2021, H.A. shipped the
piece from Beverly Hills, California to Dallas, Texas, and it arrived
there on March 2, 2021.  The purpose of that transportation was for
H.A. to inspect the piece and include it an upcoming auction that
April (H.A. is based in Dallas, Texas).  On March 2, 2021, defendant
signed a consignment agreement with H.A. to have the print placed in
"Print & Multiples Signature Auction" on April 22, 2021.  At the time
of the interstate transfer, the Warhol print was worth at least
$175,000.

On March 4, 2021, H.A. contacted the West Hollywood gallery
asking for their opinion about the artwork.  The gallery immediately
recognized the piece as the stolen piece of art.  The West Hollywood
gallery informed H.A. that the artwork was stolen and contacted the
FBI.  On March 8, 2021, the FBI interviewed defendant about the
artwork and its theft.  The FBI agent informed defendant that she was
a federal agent, and it was a crime to lie to federal agents.
Defendant told the FBI that he purchased the artwork about a month
before at a garage sale in Culver City, California.  Defendant
claimed he paid $18,000 cash for the piece and that he had a receipt

for the sale, which he agreed to provide to the FBI.  On March 10, 2021, in response to a request from the FBI for him to provide the receipt, defendant e-mailed the FBI a purported receipt for the purchase, which stated "I Brian Light bought an A Warhol Painting from Brandon Beldin on Feb 4 2021 for $18,000 in Culver City CA" and was purportedly signed by defendant and Beldin.  Defendant, however, knew when he submitted the purported receipt that it was false and that defendant had not in fact purchased the artwork from anyone, including someone named Brandon Beldin.  Defendant submitted the fake receipt to the FBI to affect the FBI's investigation.

SENTENCING FACTORS

12.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

13.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:                6     [U.S.S.G. § 2B1.1(a)(2)]

```
        Specific Offense
        Characteristics: Value of
        Stolen Art                      +10   [U.S.S.G. § 2B.1.(b)(1)(F)]
```

14.  Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate, including, but not limited to, the government seeking a two-level obstruction enhancement under U.S.S.G. § 3C1.1.

15.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

16.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

17.  Defendant understands that by pleading guilty, defendant gives up the following rights:

        a.  The right to persist in a plea of not guilty.

        b.  The right to a speedy and public trial by jury.

        c.  The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

        d.  The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.    The right to confront and cross-examine witnesses against defendant.

f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

18.    Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

19.    Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 24 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the

statutory maximum; (d) to the extent permitted by law, the
constitutionality or legality of defendant's sentence, provided it is
within the statutory maximum; (e) the amount and terms of any
restitution order; (f) the term of probation or supervised release
imposed by the Court, provided it is within the statutory maximum;
and (g) any of the following conditions of probation or supervised
release imposed by the Court: the conditions set forth in Second
Amended General Order 20-04 of this Court; the drug testing
conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the
alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

20. The USAO agrees that, provided (a) all portions of the
sentence are at or below the statutory maximum specified above and
(b) the Court imposes a term of imprisonment of no less than 18
months, the USAO gives up its right to appeal any portion of the
sentence.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

21. Defendant agrees that if, after entering a guilty plea
pursuant to this agreement, defendant seeks to withdraw and succeeds
in withdrawing defendant's guilty plea on any basis other than a
claim and finding that entry into this plea agreement was
involuntary, then (a) the USAO will be relieved of all of its
obligations under this agreement; and (b) should the USAO choose to
pursue any charge or any civil, administrative, or regulatory action
that was either dismissed or not filed as a result of this agreement,
then (i) any applicable statute of limitations will be tolled between
the date of defendant's signing of this agreement and the filing
commencing any such action; and (ii) defendant waives and gives up
all defenses based on the statute of limitations, any claim of pre-

15

indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

### EFFECTIVE DATE OF AGREEMENT

22. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

### BREACH OF AGREEMENT

23. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

24. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then:

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

25.   Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

26.   Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information

to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 12 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

27. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

28. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional

1  promise, understanding, or agreement may be entered into unless in a

2  writing signed by all parties or on the record in court.

### PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

4      29.  The parties agree that this agreement will be considered

5  part of the record of defendant's guilty plea hearing as if the

6  entire agreement had been read into the record of the proceeding.

7  AGREED AND ACCEPTED

8  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF
9  CALIFORNIA

10  E. MARTIN ESTRADA
    United States Attorney

11

12  _____          09/27/2024
    DOMINIQUE CAAMANO                         Date
13  ERIK M. SILBER
    MATTHEW O'BRIEN
14  Assistant United States Attorneys

15  _____          9-18-2024
    BRIAN ALEC LIGHT                          Date
16  Defendant

17  _____          09/18/2024
    ERIN MURPHY                               Date
18  Attorney for Defendant LIGHT

19

### CERTIFICATION OF DEFENDANT

21      I have read this agreement in its entirety.  I have had enough

    time to review and consider this agreement, and I have carefully and
22
    thoroughly discussed every part of it with my attorney.  I understand
23
    the terms of this agreement, and I voluntarily agree to those terms.
24
    I have discussed the evidence with my attorney, and my attorney has
25
    advised me of my rights, of possible pretrial motions that might be
26
    filed, of possible defenses that might be asserted either prior to or
27
    at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),
28

1    of relevant Sentencing Guidelines provisions, and of the consequences

2    of entering into this agreement.  No promises, inducements, or

3    representations of any kind have been made to me other than those

4    contained in this agreement.  No one has threatened or forced me in

5    any way to enter into this agreement.  I am satisfied with the

6    representation of my attorney in this matter, and I am pleading

7    guilty because I am guilty of the charge and wish to take advantage

8    of the promises set forth in this agreement, and not for any other

9    reason.

10   _____          9-18-2024
                                              _____
11   BRIAN ALEC LIGHT                         Date
     Defendant

12

13

14                    CERTIFICATION OF DEFENDANT'S ATTORNEY

15       I am BRIAN ALEC LIGHT's attorney.  I have carefully and

16   thoroughly discussed every part of this agreement with my client.

17   Further, I have fully advised my client of his rights, of possible

18   pretrial motions that might be filed, of possible defenses that might

19   be asserted either prior to or at trial, of the sentencing factors

20   set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

21   provisions, and of the consequences of entering into this agreement.

22   To my knowledge: no promises, inducements, or representations of any

23   kind have been made to my client other than those contained in this

24   agreement; no one has threatened or forced my client in any way to

25   enter into this agreement; my client's decision to enter into this

26   agreement is an informed and voluntary one; and the factual basis set

27   ///

28   ///

                                    20

forth in this agreement is sufficient to support my client's entry of
a guilty plea pursuant to this agreement.

_____     09/18/2024
ERIN MURPHY                            Date
Attorney for Defendant LIGHT

**Exhibit A – Draft Information**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 24- |
|---|---|
| Plaintiff, | I N F O R M A T I O N |
| v. | [21 U.S.C. § 2314: Interstate Transportation of Stolen Goods; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| BRIAN ALEC LIGHT, | |
| Defendant. | |

The United States Attorney charges:

COUNT ONE

[18 U.S.C. § 2314, 2(b)]

On or about March 1, 2021, in Los Angeles County, within the Central District of California, defendant BRIAN ALEC LIGHT ("LIGHT") willfully caused the transportation, transmission, and transfer in interstate commerce of a good, ware, and merchandise, having a value of $5,000 or more, knowing the same to have been stolen, namely defendant LIGHT willfully caused an auction house, H.A., to ship from Beverly Hills, California to Dallas, Texas, an Andy Warhol Lenin Trial Proof print number 44 of out of an edition of 46, which defendant LIGHT knew had been stolen, and which had a value of at least $175,000.

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count One of this Information.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)   All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to any such offense; and

(b)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished

//

//

2

1  in value; or (e) has been commingled with other property that cannot

2  be divided without difficulty.

3                                           E. MARTIN ESTRADA
                                            United States Attorney
4

5

6

7                                           MACK E. JENKINS
                                            Assistant United States Attorney
8                                           Chief, Criminal Division

9                                           MARK A. WILLIAMS
                                            Assistant United States Attorney
10                                          Chief, Environmental Crimes and
                                            Consumer Protection Section
11
                                            ERIK M. SILBER
12                                          Assistant United States Attorney
                                            Senior Counsel, Criminal Division
13
                                            DOMINIQUE CAAMANO
14                                          MATTHEW O'BRIEN
                                            Assistant United States Attorneys
15                                          Environmental Crimes and Consumer
                                            Protection Section
16

17

18

19

20

21

22

23

24

25

26

27

28

                                    3

**CERTIFICATE OF SERVICE**

I, **Catherine Wilkinson**, declare:

That I am a citizen of the United States and a resident of or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of 18; and that I am not a party to the above-titled action;

That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of: **PLEA AGREEMENT**

☐ Placed in a closed envelope for collection and inter-office delivery, addressed as follows:

☐ Placed in a sealed envelope for collection and mailing via United States mail, addressed as follows:

☐ By hand delivery, addressed as follows:

☐ By facsimile, as follows:

☒ Via email, as follows:

☐ By Federal Express, as follows:

**erin_murphy@fd.org**

This Certificate is executed on **October 1, 2024**, at Los Angeles, California.  I certify under penalty of perjury that the foregoing is true and correct.

*Catherine Wilkinson*
Catherine Wilkinson
Legal Assistant